[Civ. No. 4839. First Appellate District, Division Two.—July 2, 1924.]

## J. DOUSKOS, Appellant, v. J. J. GILMORE, Respondent.

[1] CLAIM AND DELIVERY—LIEN ON AUTOMOBILE FOR REPAIRS—REASONABLE VALUE OF SERVICES — EVIDENCE—APPEAL.—In an action to obtain the possession of an automobile on which defendant claimed a lien for labor and materials furnished in the repair of the car, there having been some evidence of the reasonable value of the materials furnished and services rendered by defendant, with the result that there was a conflict in the testimony upon the subject of reasonable value of said materials and services, the conflict was for the consideration of the trial court, and the appellate court has no power to disturb the conclusion reached by the trial court in deciding the preponderance or weight of the conflicting testimony.

[2] ID.—CONTRACT TO PUT CAR IN RUNNING ORDER — SERVICES RENDERED BY THIRD PARTY—DEDUCTION FOR PAYMENT—PLEADING.—In such action, defendant having been employed by plaintiff to put the automobile in question in first-class running order, plaintiff was entitled to a deduction for the reasonable amount paid to another for services necessary to put the car in running order, without pleading his claim for such deduction.

---

(1) 4 C. J., p. 844, sec. 2830, p. 883, sec. 2855, p. 888, sec. 2858. (2) 31 Cyc., p. 222.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge. Modified and affirmed.

---

1. See 2 Cal. Jur. 921; 2 R. C. L. 204.
2. See 3 Cal. Jur. 802.

The facts are stated in the opinion of the court.

Lelia R. Leep for Appellant.

Arthur Joel for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to obtain possession of an automobile. The defendant appeared and in his answer and cross-complaint set forth facts showing that he had a lien on the automobile for labor and materials supplied in the repair of the car. After a trial before the court sitting without a jury the trial court fixed the amount of the defendant's lien in the sum of $551.30, the amount claimed in the defendant's answer and cross-complaint. From the judgment the plaintiff has appealed under section 953a of the Code of Civil Procedure.

On the trial of the case the plaintiff assumed the burden of proof. He brought forward a bill itemized and which purported to show the hours of labor put in by the defendant and assistants in making the repairs, and also showing the articles furnished by the defendant and the price charged therefor. For the labor the defendant charged $1.80 an hour, and for the articles furnished he charged the list price thereof. On his direct examination the defendant, as one of the witnesses called by the plaintiff, testified that the bill absolutely represented the reasonable value of the services, labor, material, and supplies furnished. There was testimony introduced on the cross-examination of the witness and on the examination of other witnesses to the effect that some persons charged $1.50 an hour and some charged $1.80 an hour. There was some testimony introduced to the effect that one engaged in the business of repairing automobiles obtains a discount of fifty per cent on some of the parts used to replace worn-out parts in making repairs. [1] The appellant makes the point that there should have been evidence introduced to the effect that the prices charged were the reasonable value. The point is not sustained by the record. The testimony given by the defendant was some evidence of reasonable value. The most that can be said in behalf of the appellant's contention is that there was other

evidence in the record which might be considered as breaking down the testimony given by the defendant. However, the conflicts in the testimony were for the consideration of the trial court and, when it does not appear that the trial court has abused its discretion, this court has no power to disturb the conclusion reached by the trial court in deciding the preponderance or weight of the conflicting testimony.

[2] When the plaintiff sent his car to the defendant to be repaired he called on the defendant and the oral agreement was afterward stated by the defendant in giving his testimony. After the two had discussed the condition of the car the defendant testified that the plaintiff stated to him, "All right, go ahead, and put the car in first-class condition, and when the truck is ready your check is ready." At the time the plaintiff commenced this action he caused to be placed in the hands of the sheriff a writ authorizing the sheriff to take possession of the car. The sheriff executed the writ and towed the car to a garage conducted by John Skrine. On the trial of the case the plaintiff called Skrine as a witness. He testified that when the car was towed into his garage they heard a noise in the rear end of it. He further testified that he and his assistants took the cover from the rear end and found the master gear loose and found some bearings broken in it, and that they replaced them, and also that they took off the old flat top and that they also adjusted the generator. He further testified that the work which was done in his garage was necessary to put the car in running order. For the services which he performed Skrine charged $20, and there is no dispute but what the charge was reasonable. The appellant contends that the $20 should have been deducted from the amount of the claim of the defendant. To this point the respondent replies that the plaintiff did not plead a claim for the $20. There was no necessity for pleading it. The plaintiff had employed the defendant to put the car in first-class running order. The amount of his compensation was to be the reasonable value. The whole theory of the defendant's case is that he performed his part of the contract and claimed the possession of the car to secure the charges made by him. But if he had not made the repairs as completely as he agreed to make them he was certainly not entitled to the full amount claimed.

The judgment should be modified by deducting the amount of $20 from $551.30, the sum found due the defendant, and it is so ordered. As modified the judgment is affirmed, and the respondent will be allowed his costs on this appeal.

Nourse, J., and Langdon, P. J., concurred.